IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,784-04






EX PARTE DAKOTA CRUTCHFIELD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-16,376-B IN THE 173RD DISTRICT COURT


FROM HENDERSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
placing a serial number on a vehicle with intent to change the identity of the vehicle, and elected to
have a jury determine his punishment. Following a jury trial on punishment, he was sentenced to
seventeen years' imprisonment. The Twelfth Court of Appeals affirmed his conviction. Crutchfield
v. State, No. 12-10-00151-CR (Tex. App. - Tyler, June 15, 2011, pet. ref'd.).

 In this application, Applicant contends, inter alia, that his trial and appellate counsel rendered
ineffective assistance for a number of reasons. Applicant's previous application challenging this
conviction was denied by this Court on July 25, 2012. However, because the instant application was
filed in the district court on June 28, 2012, before this Court finally disposed of the first application,
the instant application is not barred as a subsequent application under Article 11.07, Section 4 of the
Texas Code of Criminal Procedure, as the State alleges in its response.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial and appellate counsel to respond to Applicant's claims of ineffective
assistance of counsel. Specifically, counsel shall address the following questions: (1) did the State
agree to abandon pending charges of burglary and theft in exchange for Applicant abandoning his
motion for a change of venue, and if so, was this agreement violated by the State; (2) did the State
agree not to pursue charges against Applicant's wife if he pleaded guilty, and if so, did the State
violate this agreement; (3) if either of the previously-described agreements were made, were they
ever put into writing, and was the trial court ever advised of those agreements; (4) did the prosecutor
make improper statements during closing arguments about extraneous offenses or evidence outside
the record, and if so, did counsel object; (5) what was the basis for the motion for a change of venue
filed by counsel, and why was the motion not pursued; (6) did counsel advise Applicant that his wife
could be compelled to testify against him if he took this case to trial, and if so, did counsel advise
Applicant regarding the application of the husband-wife privilege described in Rule 504 of the Texas
Rules of Evidence; (7) did counsel request a hearing on the defense motion to suppress evidence, and
if not, why not; (8) were the charges relating to Applicant's burglary of the court house and theft of
files time-barred when they were returned, and if so, did counsel advise Applicant of this fact; (9) 
did the State present victim impact evidence from extraneous offenses, and if so, did counsel object;
(10) did the prosecutor refer to Applicant as "a thief" during the course of the trial and arguments,
and if so, was this a result of an agreement by trial counsel; (11) did counsel advise Applicant that
he would be subject to habitual felony punishment range for this and another pending charge if he
took the cases to trial; (12) did counsel investigate the validity of the habitual felony enhancements
alleged in the indictment, and if so, did counsel object on the basis that they were not sequential
felony convictions; (13) was the alternate juror was allowed to participate in deliberations with the
jury, and if so did counsel object and request a mistrial; (14) did counsel believe that the search and
seizure issues raised in the motion to suppress were meritorious, and if so, why did she not raise
these issues on direct appeal; (15) if the State presented victim impact evidence from extraneous
offenses, and trial counsel objected to this evidence, why did counsel not raise this issue on direct
appeal; (16) did the State introduce evidence of an extraneous burglary offense of which Applicant
was acquitted after a jury trial, and if so, did counsel object; (17) did counsel fail to provide citations
to the record to support claims of error in her appellate brief; and (18) did counsel make claims on
direct appeal that were contrary to the trial record, and if so, why? The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial and appellate counsel was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

Filed: January 16, 2013

Do not publish